[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10483

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

WILLIAM MARION PATTERSON, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:16-cr-00097-TJC-JBT-1

_____

Before ROSENBAUM, JILL PRYOR, and GRANT, Circuit Judges.

PER CURIAM:

William Patterson III appeals the district court's denial of his motion for early release or a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i), better known as the "compassionate release" provision, which permits courts to reduce the sentences of defendants when warranted by "extraordinary and compelling reasons." After careful review, we affirm.

In June 2018, Patterson was sentenced to 84 months in prison after pleading guilty to child pornography offenses. The district court varied downward from the guideline range of 151 to 188 months. Then, in September 2020, Patterson requested early release or a sentence reduction, claiming that he suffered from a combination of medical conditions—including high blood pressure, high cholesterol, type 2 diabetes, asthma, and untreated nerve damage—that increased his risk of severe illness from COVID-19. He also contended that the Bureau of Prison's virus mitigation measures had increased the severity of his sentence, and that a reduction was warranted based on the 18 U.S.C. § 3553(a) sentencing factors, including his low risk of recidivism.

The district court denied Patterson's motion. Based on the government's concession, the court appears to have found that Patterson's type 2 diabetes qualified as an "extraordinary and compelling" ground for relief. Nevertheless, the court stated that

Patterson "does not appear to be at imminent risk of severe illness" and that his conditions were being managed well in prison. It further concluded that the § 3553(a) sentencing factors did not support a sentence reduction. The court noted that Patterson's offense conduct involved the receipt of 4,465 images and 687 videos of child sexual abuse, including the rape and abuse of prepubescent and toddler-aged children, that his original sentence was well below the guideline range, and that, at the time the court denied the motion in November 2020, Patterson had served just 35% of the total sentence. The court then denied Patterson's motion for reconsideration, and this appeal followed.

We review *de novo* a determination about a defendant's eligibility for a § 3582(c) sentence reduction. *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021). We review the denial of an eligible prisoner's § 3582(c)(1)(A) motion for an abuse of discretion. *Id.*; *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).

Section 3582(c) grants the district courts limited authority to reduce the sentences of defendants for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting a reduction under this provision, the court must find three things: (1) an extraordinary and compelling reason exists under U.S.S.G. § 1B1.13's policy statement; (2) the reduction is supported by the § 3553(a) factors; and (3) granting a reduction would not endanger others. *United States v. Giron*, 15 F.4th 1343, 1345–46 (11th Cir. 2021); *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). "Because all three conditions . . . are necessary, the absence of even

one would foreclose a sentence reduction." *Tinker*, 14 F.4th at 1238. Thus, a court may exercise its discretion to deny a sentence reduction based on the § 3553(a) factors even if the defendant presents an extraordinary and compelling ground for relief. *Id.* at 1239.

The weight to give any particular § 3553(a) factor, whether great or slight, is committed to the district court's sound discretion. *Id.* at 1241. "Even so, [a] district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Id.* (quotation marks omitted).

An order granting or denying compassionate release under § 3582(c)(1)(A) generally must indicate that the district court has considered "all applicable § 3553(a) factors." *United States v. Cook*, 998 F.3d 1180, 1184–85 (11th Cir. 2021). But "a district court need not exhaustively analyze each § 3553(a) factor or articulate its findings in great detail," and an acknowledgement by the court that it has considered the § 3553(a) factors and the parties' arguments is ordinarily sufficient. *Tinker*, 14 F.4th at 1241 (quotation marks omitted). Nevertheless, the court "must provide enough analysis that meaningful appellate review of the factors' application can take place." *Id.* (quotation marks omitted).

Patterson contends that the district court abused its discretion by failing to adequately explain any of the § 3553(a) factors it relied on or "to link any particular fact with any of the § 3553(a)

factors at all." He asserts that the court's "boilerplate language" is insufficient to permit meaningful review.

Here, the district court did not abuse its discretion by concluding that a sentence reduction was not supported by the § 3553(a) factors. The court was not required to expressly discuss all of Patterson's mitigating evidence or every § 3553(a) factor. *See Tinker*, 14 F.4th at 1241. And it expressly referenced several § 3553(a) factors. It discussed the nature of the offense and the serious nature of Patterson's conduct. It considered Patterson's history and characteristics, including his medical conditions, their treatment, and effective measures to mitigate Covid-19 at Patterson's facility. It also referenced the original guideline range and the portion of the sentence he had served before seeking a sentence reduction. Considered as a whole, the court's explanation was far from "boilerplate" and is sufficient to show that it properly considered the § 3553(a) factors and had a reasoned basis for exercising its discretion to deny Patterson the extraordinary remedy of a sentence reduction. And we cannot say the court abused its discretion by concluding that a sentence reduction was not warranted on the facts of this case.

For these reasons, we affirm the denial of Patterson's § 3582(c)(1)(A) motion for a sentence reduction.

**AFFIRMED.**